**STERNS & WEINROTH**
A Professional Corporation
Jeffrey S. Posta (JP-1300)
Graig P. Corveleyn (GC-3393)
50 West State Street
Suite 1400
P.O. Box 1298
Trenton, New Jersey   08607-1298
(609) 392-2100
Attorneys for Thomas J. Orr, Chapter 7 Trustee

|  |  |  |
|---|---|---|
|  |  | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| IN RE: | : | Chapter 7 |
|  | : |  |
| **ASHEX, INC.**, | : | Honorable Raymond T. Lyons, U.S.B.J. |
|  | : |  |
| Debtor. | : | Case No. 04-18933 (RTL) |
|  | : |  |
|  | : | Adversary No. |
|  | : |  |
| **THOMAS J. ORR, CHAPTER 7 TRUSTEE**, | : |  |
|  | : |  |
| Plaintiff, | : | **COMPLAINT TO RECOVER PREFERENTIAL PAYMENTS, TO AVOID FRAUDULENT TRANSFERS, AND FOR TURNOVER OF PROPERTY OF THE ESTATE** |
| v. | : |  |
|  | : |  |
| **ISIDORE BLEIER** and **ELIYAHU WEINSTEIN**, | : |  |
|  | : |  |
| Defendants. | : |  |

Plaintiff, Thomas J. Orr, Chapter 7 Trustee in the above-captioned proceeding ("Trustee" or "Plaintiff"), by way of complaint against the defendants, Isidore Bleier ("Bleier") and Eliyahu Weinstein ("Weinstein") (collectively, the "Defendants"), says:

## ALLEGATIONS COMMON TO ALL COUNTS

### a. Jurisdiction

1. This is a core proceeding brought pursuant to F.R.Bankr.P. 7001, 11 U.S.C. §§542, 544(b), 547, 548(a), 550(a) and 28 U.S.C. §157(a),(b), (2) (A), (E), (F), (H) and (O).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b).

3. Venue is in the District of New Jersey pursuant to 28 U.S.C. §1409(a) and (c).

4. The Plaintiff is authorized to commence this proceeding pursuant to F.R.Bankr.P. 6009.

### b. Background

5. Ashex, Inc., Debtor herein, filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on March 16, 2004 (the "Petition Date"). By Order dated June 2, 2004, this case was converted to a Chapter 7 proceeding.

6. Thomas J. Orr, Trustee, accepted his appointment and has continued to act as Chapter 7 Trustee since that date.

7. The Debtor formerly conducted business at premises located in New Jersey, Pennsylvania, Kentucky and Ohio.

### c. Relevant Facts

#### Parties

8. Upon information and belief, Bleier resides at 1518 Parkside Drive, Lakewood, NJ 08701-1564.

9. Upon information and belief, Weinstein resides at 1466 Route 88 West, Brick, NJ 08725.

10. The June 11, 2003 Certificate of Incorporation for the Debtor lists Weinstein as the Debtor's Registered Agent and sole Director.

11. Weinstein and Bleier are insiders of the Debtor pursuant to 11 U.S.C. section 101 (31) (B).

### d. Transfers of Funds

12. The Debtor made the following transfers to Defendants:

| Payee | Date | Amount |
|---|---|---|
| Isidore Bleier (check) | 10/30/03 | $75,000 |
| Isidore Bleier (wire transfer) | 11/28/03 | $50,000 |
| Eli Weinstein (wire transfer) | 6/19/03 | $50,000 |
| Eli Weinstein (wire transfer) | 6/23/03 | $50,000 |
| **TOTAL** | | **$225,000** |

13. The October 30, 2003 check written to Bleier had the Memo: "Paid toward loan of $300k from Eli Weinstein".

### COUNT I

### PREFERENTIAL PAYMENTS PURSUANT TO 11 U.S.C. §547

14. Within one year before the Petition Date, the Debtor transferred, in aggregate, the sum of $225,000 to the Defendants, as set forth in paragraph 12.

15. The transfers referred to in paragraph 12 of the Complaint (the "Transfers") were made on account of an antecedent debt.

16. The Transfers were made to or for the benefit of insiders of the Debtor.

17. The Transfers were made while the Debtor was insolvent.

3

18. The Transfers enabled the Defendants to receive more than they would have received had the transfers not been made and had the Defendants received payment of such debt to the extent provided by the provisions of the Code.

19. Under §547 of the Code, the Trustee may avoid the Transfers as preferences.

20. In addition, the Trustee may recover, for the benefit of the Estate, the amount of the Transfers pursuant to §550 of the Code.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants:

 a. Avoiding the Transfers in the amount of $225,000, together with pre-and postjudgment interest thereon;

 b. Directing the Defendants to turn over to the Plaintiff the Transfers or the value of the Transfers;

 c. Awarding attorneys' fees and costs of this action; and

 d. Awarding such other and further relief as is equitable and just.

## COUNT II

### FRAUDULENT TRANSFERS PURSUANT TO
### 11 U.S.C. §544(b)

21. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 of this Complaint, as if same were recited herein at length.

22. The payments and transfers made by the Debtor to and/or for the benefit of the Defendants, as described more fully in paragraph 12 of this Complaint, constituted fraudulent transfers pursuant to 11 U.S.C. §544(b) in that the transfers violated the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. §§25:2-25(a), 25(b) and 27.

23. The aforesaid payments and transfers from the Debtor to and/or for the benefit of the Defendants were made with actual intent to hinder, delay, or defraud creditors of the Debtor.

24. The aforesaid payments and transfers from the Debtor to and/or for the benefit of the Defendants were not made in exchange for any reasonably equivalent value.

25. At the time that the aforesaid payments and transfers were made by the Debtor to and/or for the benefit of the Defendants, the Debtor was engaged in business.

26. The remaining assets and capital of the Debtor after the aforesaid payments and transfers were made to and/or for the benefit of the Defendants were unreasonably small in relation to the business of the Debtor.

27. At the time that the aforesaid payments and transfers were made by the Debtor to and/or for the benefit of the Defendants, the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay them as they matured.

28. At the time that the Debtor made the aforesaid payments and transfers to and/or for the benefit of the Defendants, the Debtor was insolvent or the Debtor became insolvent as a result of the transfers described herein.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants:

    a. Avoiding the Transfers in the amount of $225,000, together with pre-and postjudgment interest thereon;

    b. Directing the Defendants to turn over to the Plaintiff the Transfers or the value of the Transfers;

    c. Awarding attorneys' fees and costs of this action; and

    d. Awarding such other and further relief as is equitable and just.

## COUNT III

### FRAUDULENT TRANSFERS PURSUANT TO
### 11 U.S.C. §548(a)

29. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of this Complaint, as if same were recited herein at length.

30. The payments and transfers made by the Debtor to and/or for the benefit of the Defendants during the year preceding the filing of the Debtor's bankruptcy, as described more fully in paragraph 12 of this Complaint, constituted fraudulent transfers pursuant to 11 U.S.C. §548(a).

**WHEREFORE,** the Plaintiff demands judgment against the Defendants:

 a. Avoiding the Transfers in the amount of $225,000, together with pre-and postjudgment interest thereon;

 b. Directing the Defendants to turn over to the Plaintiff the Transfers or the value of the Transfers;

 c. Awarding attorneys' fees and costs of this action; and

 d. Awarding such other and further relief as is equitable and just.

## COUNT IV

### TURNOVER OF ESTATE PROPERTY PURSUANT TO
### 11 U.S.C. §542(a)

31. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 of this Complaint, as if same were recited herein at length.

32. All payments and transfers to the Defendants, as described more fully in paragraph 12 of this Complaint, constituted property of the Debtor's Estate.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants:

  a. Directing the Defendants to account for and turnover all funds and property of the Estate received by the Defendants;

  b. Awarding compensatory damages, together with pre-and postjudgment interest thereon;

  c. Awarding attorneys' fees and costs of this action; and

  d. Awarding such other and further relief as is equitable and just.

         **STERNS & WEINROTH**
         A Professional Corporation,
         Attorneys for Plaintiff,
         Thomas J. Orr,
         Chapter 7 Trustee


         By: /s/ Graig P. Corveleyn
           Jeffrey S. Posta
           Graig P. Corveleyn

Dated: February 13, 2006